IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSE MARTIN REYES LOZANO, #195578                        PETITIONER

v.                                  CIVIL ACTION NO. 1:16-cv-29-HSO-LRA

STATE OF MISSISSIPPI                                      RESPONDENT

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court sua sponte.  After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.  <u>BACKGROUND</u>

On February 3, 2016, pro se Petitioner Jose Martin Reyes Lozano ("Petitioner") filed this action pursuant to 28 U.S.C. § 2254, and requested *in forma pauperis* status.  Petitioner is an inmate of the Mississippi Department of Corrections housed at the Central Mississippi Correctional Facility in Pearl, Mississippi.

 On February 12, 2016, the Court entered an Order [4] denying Petitioner's Motion for Leave to Proceed *In Forma Pauperis*.[1]  The Order [4] required Petitioner to pay the filing fee within 30 days.  The Order warned Petitioner that "if the $5.00 filing fee is not received within the 30-day time period . . . this action will be

---

[1]Petitioner's Motion was denied because his *in forma pauperis* application reflected an inmate account balance of $31.18, a six-month average balance of $90.11, and average monthly deposits of $92.34.  Order [4] at 1.  Petitioner also stated that he receives "around $100.00 monthly" from his wife.  *Id*.

dismissed without further written notice." *Id*. at 2.  The Order further warned Petitioner that his failure to keep the Court informed of his current address may result in the dismissal of this case.  *Id*.  Petitioner did not comply with the Court's Order [4] or otherwise contact the Court.

On March 25, 2016, the Court entered an Order to Show Cause [5] requiring that Petitioner, on or before April 8, 2016: (1) file a written response, showing cause why this case should not be dismissed for Petitioner's failure to comply with the Court's prior Order [4]; and (2) comply with the Court's prior Order by paying the filing fee.  Order [5] at 1.  Petitioner was cautioned that his "failure to advise this Court of a change of address or failure to timely pay the filing fee will result in this cause being dismissed without further notice to the Petitioner." *Id*.  Petitioner did not pay the filing fee or otherwise respond to the Order to Show Cause.

Since Petitioner is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders.  On April 22, 2016, the Court entered a Final Order to Show Cause [6] requiring Petitioner, on or before May 6, 2016: (1) to file a written response, showing cause why this case should not be dismissed for Petitioner's failure to comply with the Court's prior Orders [4],[5]; and (2) to comply with the Court's prior Orders by submitting payment of the filing fee.  Order [6] at 1.  Petitioner was cautioned that his "failure to advise this Court of a change of address or failure to timely pay the filing fee will result in this cause being dismissed without further notice to the Petitioner." *Id*. at 1–2.  Petitioner did not pay the filing fee or otherwise respond to the Final Order to Show Cause.

## II. DISCUSSION

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254.  *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[2]  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630–31.

Petitioner did not comply with three Court Orders even after being warned several times that failure to do so would result in the dismissal of his case.  Order [4] at 2; Order [5] at 1; Order [6] at 1-2.  Petitioner has not responded to the Court's Orders or otherwise contacted the Court since he filed this case on February 3, 2016.  Such inaction presents a clear record of delay or contumacious conduct by

---

[2]*See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Petitioner.  It is apparent that Petitioner no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 20th day of May, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE